NOT DESIGNATED FOR PUBLICATION

No. 124,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSI C. ORTIZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed March 25, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Jessi C. Ortiz appeals the district court's decision to revoke her probation and impose her underlying prison sentence. We granted Ortiz' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond to the motion. Based on our review of the record, we find that the district court did not abuse its discretion in imposing Ortiz' original sentence. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The Lyon County Attorney charged Ortiz with a single count each of methamphetamine possession, a level 5 nonperson felony, and possession of drug paraphernalia, a class B nonperson misdemeanor. Pursuant to a plea agreement, the State dismissed the second count, and Ortiz pled no contest to one count of possession of methamphetamine. The district court accepted the agreement, and Ortiz' case proceeded to sentencing.

The district court sentenced Ortiz to serve a prison term of 13 months but suspended the sentence and granted 18 months of probation. The court explained that the terms and conditions of Ortiz' probation required her to pay several financial assessments and costs, participate in drug treatment for a period of 18 months, avoid any additional violations of the law, and refrain from contact with individuals designated by her Community Corrections Officer.

Eight months later, Ortiz' Community Corrections Officer filed an arrest order alleging that Ortiz violated the terms of her probation by meeting with Billy Walters, an individual the officer expressly ordered her to avoid. U.S. Marshals "removed and arrested" Walters from Ortiz' residence. The order also alleged that Ortiz failed to maintain employment as directed and lied about various matters to her Community Corrections Officer. Ortiz stipulated to the violations and served a three-day jail sanction as a result.

Ortiz later met with the district court to discuss her failure to make any payments toward her outstanding financial obligations. Ortiz explained that she had a job and had spoken with her probation officer about creating a budget. The court expressed concern that Ortiz had worked at seven different jobs in nearly as many months, and Ortiz explained that she initially experienced difficulty balancing her sobriety with

2

employment obligations, but she recently secured a job she enjoyed that would also make her recovery sustainable. She also informed the court that she routinely attended Narcotics Anonymous meetings at least three times a week. Following the meeting, the court allowed Ortiz' GPS monitoring requirement to be lifted.

Ortiz began the Drug Court program in early September 2020 and entered inpatient treatment later that month. Unfortunately, she was discharged from that treatment within a few short weeks and later stipulated to several probation violations that occurred following her release. Ortiz admitted that she failed to report as directed, twice tested positive for methamphetamine, failed to submit to drug tests on other occasions, violated her curfew, failed to participate in outpatient drug and alcohol treatment as directed, and again had contact with a person her Community Corrections Officer specifically told her not to meet with. At her revocation hearing, Ortiz requested reimposition of GPS monitoring or house arrest. The court opted to instead follow the State's suggestion and imposed a 120-day prison sanction.

Following her prison sanction, Ortiz spent another seven days in jail on a drug court sanction beginning on March 10, 2021. Unfortunately, shortly after her release, an order was issued for Ortiz to return to jail following an allegation that she tampered with, and ultimately removed, her GPS monitoring device. Ortiz did not report, prompting the issuance of a bench warrant the next day. Five days later, the State also filed a motion for a drug court sanction, review, or revocation.

Ortiz eventually turned herself in, and the court held a probation revocation. Ortiz admitted that she removed the GPS bracelet and failed to report to jail. Ortiz informed the court that her decision to remove the GPS bracelet arose out of her drug addiction and, as such, a jail sanction of either 60 or 180 days served a greater long-term, rehabilitative benefit than imposition of her underlying prison sentence.

The district court explained that Ortiz already exhausted most of the available programming resources and that her current revocation proceeding resulted from the commission of a new crime, removing her GPS bracelet. As a result, the district court revoked Ortiz' probation and ordered her to be remanded to the Kansas Department of Corrections to serve her original sentence.

Ortiz timely appeals to this court.

ANALYSIS

On appeal, Ortiz argues the district court abused its discretion by ordering her to serve her original sentence. We review a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. [Citation omitted.]" *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party alleging an abuse of discretion, Ortiz bears the burden of proof on appeal. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

District courts must follow the probation revocation procedures outlined in K.S.A. 2019 Supp. 22-3716. *State v. Dominguez*, 58 Kan. App. 2d 630, 633, 473 P.3d 932 (2020). The statute has undergone various amendments and we have clarified that district courts must apply the sanctioning scheme in effect at the time the defendant committed his or her original offense. 58 Kan. App. 2d at 637. Ortiz' original offense occurred in February 2019, and therefore, this court applies K.S.A. 2018 Supp. 22-3716 when reviewing the district court's order revoking her probation. See *State v. Jones*, No. 122,589, 2021 WL 1826885, at *3 (Kan. App. 2021) (unpublished opinion) ("Jones committed the crime on December 5, 2018. Because the 2019 amendment did not become effective until July 1, 2019, the 2018 version of K.S.A. 22-3716 applies").

K.S.A. 2018 Supp. 22-3716 typically only allows the district court to impose an underlying prison term following revocation when the defendant has already served either a jail or prison sanction. *Dominguez*, 58 Kan. App. 2d at 636; K.S.A. 2018 Supp. 22-3716(c)(1)(E). More specifically, K.S.A. 2018 Supp. 22-3716(c)(8) and (9) mandates that district courts first impose a series of graduated intermediate sanctions unless the district court finds that a bypass provision applies.

It is undisputed that Ortiz previously served a three-day jail sanction and a 120-day prison sanction. But those sanctions are of no moment at this time because Ortiz' current violations qualified under two of the exceptions which allow courts to bypass the sanctions requirement. First, K.S.A. 2018 Supp. 22-3716(c)(8)(A) provides that intermediate sanctions are not required if the defendant commits a new misdemeanor or felony while on probation. Ortiz faced charges for criminal damage to property and tampering with electronic monitoring equipment for cutting off her GPS bracelet. Second, K.S.A. 2018 Supp. 22-3716(c)(8)(B)(i) provides that intermediate sanctions are not required if the defendant absconds from supervision. In *State v. Dooley*, 308 Kan. 641, 657, 423 P.3d 469 (2018), our Supreme Court explained that this bypass provision did not simply mean the probationer failed to report. Rather, it requires "the State [to] show that the probation violator engaged in some course of action (or inaction) with the conscious intent to hide from or otherwise evade the legal process" such as "intentionally avoiding detection by one's probation officer." 308 Kan. at 657. Ortiz' removal of her GPS bracelet evidences a clear intent to evade the legal process and avoid detection by her probation officer. Such a conclusion draws further support from her failure to report to jail following the authorities' discovery of the bracelet's removal.

Although the district court could have imposed another sanction, it cannot be said that no reasonable person would have imposed her prison sentence under the circumstances presented. As the district court explained, Ortiz received numerous opportunities to rehabilitate and modify her behavior under more lenient measures,

including Drug Court, inpatient treatment, and outpatient treatment. Despite those opportunities, she still opted to remove her GPS ankle bracelet and abscond. The district court properly exercised its discretion when it imposed Ortiz' prison sentence.

Affirmed.